UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

HOWARD COHAN,                                         CASE NUMBER:

    Plaintiff,
v.

SAHA INTERNATIONAL, INC.,
d/b/a MIAMI SUBS GRILL,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, HOWARD COHAN ("Plaintiff"), sues Defendant, SAHA INTERNATIONAL, INC., d/b/a MIAMI SUBS GRILL ("Miami Subs" or "Defendant"), and in support thereof states as follows:

**JURISDICTION**

1. This is a complaint for breach of contract and injunctive relief seeking enforcement of the Settlement Agreement (a copy of same is attached as Exhibit "A") reached in the case of HOWARD COHAN v. SAHA INTERNATIONAL, INC., 9:18-cv-81273-BLOOM/Reinhart (S.D. Fla.) ("Prior Action").

2. The Prior Action arose out of Plaintiff's claims of discrimination caused by specific barriers encountered by Plaintiff at Defendant's real property located at 4513 Lake Worth Road, Greenacres, Florida 33463 ("Premises") that prevented Plaintiff from the full and equal enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act ("ADA").

3. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's

1

violations of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court for the Southern District of Florida in that all events giving rise to the lawsuit occurred in the United States Southern District of Florida.

## PARTIES

5. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

6. Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Premises, and is the owner of the improvements where the Premises is located.

7. Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

8. Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

9. On July 7, 2018, Plaintiff visited the Premises. At the time of Plaintiff's visit to the Premises, Plaintiff required the use of fully accessible restrooms. Plaintiff personally visited the

Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Miami Subs, even though he was a "bona fide patron".

10. Defendant's Premises is a place of public accommodation as defined by Title III of the ADA and as such is governed by the ADA.

11. On September 20, 2018, Plaintiff filed the Prior Action seeking judicial intervention to have Defendant comply with the ADA and applicable regulations thereto. *See* Prior Action.

12. On or about December 14, 2018, Plaintiff and Defendant entered into a Confidential Settlement Agreement and General Release (Exhibit "A") that required Defendant to complete all modifications to the Premises within one (1) year of the date of the Confidential Settlement Agreement and Release ("Agreement"), to wit: December 14, 2019.

13. In connection with said Agreement, on or about December 18, 2018, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice of the Prior Action. *See* Prior Action [D.E. 7]

14. An Order dismissing the Prior Action without Prejudice was entered by the Court on December 18, 2018. *See* Prior Action [D.E. 8]

15. On or about August 11, 2020, Plaintiff returned to the Premises and discovered that Defendant failed to complete the modifications to the Premises as required under the ADA and the Agreement, and Defendant failed to give notice of any reasons or documentation for non-compliance.

16. Plaintiff required the use of fully accessible restrooms.

17. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises even though he was a "bona fide patron".

18. Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

19. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

20. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

21. Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

22. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to said premises to verify compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied

community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

23. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

24. All conditions precedent have occurred, been satisfied or been waived.

## FACTUAL BACKGROUND

25. On December 13, 2018, Plaintiff and Miami Subs entered into the Agreement. *See* Exhibit "A".

26. Pursuant to the Agreement, Defendant was required to make specific modifications to Miami Subs within one (1) year from the date of the Agreement, to wit: December 14, 2019. Plaintiff and Defendant (collectively "Parties" and individually "Party") agreed to attorneys' fees and costs in the amount of Three Thousand Two Hundred Fifty Dollars ($3,250.00) ("Payment"). *See* Exhibit "A".

27. The Agreement provided that Miami Subs would remain obligated under the terms of the Agreement for one (1) year and would make the Payment **within twenty (20) days of the execution of the Agreement**, January 3, 2019. *See* Exhibit "A".

28. The Agreement further sets forth:

> **"Should either Party to this Agreement institute litigation related to this Agreement or the Parties' performance hereunder, the prevailing Party in such litigation shall be entitled to recover its reasonable attorney's fees and costs, both at the trial and appellate level."**

29. On February 15, 2019, Plaintiff sent written correspondence to Miami Subs and his Counsel, Peter Weintraub, informing them that Defendant was in breach of the settlement agreement because Defendant had not yet paid the settlement amount. As a courtesy, Plaintiff informed Defendant they would give him until February 22, 2019, for the balance to be paid. On February 26, 2019, Defendants attorney requested, on behalf of Defendant, if payment could be accepted the first week of March. As the first week of March approached, no payment was received. On March 13, 2019, Plaintiff emailed Defendant again, relaying that Defendant had not made the payment. After no response from Defendant from the March 13, 2019 correspondence, Defendant made a payment of $400.00 on May 13, 2019, despite the Agreement requiring payment in full.

30. On June 28, 2019, Plaintiff sent another written correspondence to Defendant asking when the remaining balance would be paid. Defendant responded that a payment of $400.00 would be sent the following Wednesday, July 3, 2019, but Defendant made no payment. Further, on July 9, 2019, Plaintiff sent written correspondence to Defendant stating no payment was received on July 3, 2019. Instead of sending the $400.00 payment previously mentioned, Defendant made a $300.00 payment on July 8, 2019.

31. After the July 8, 2019 payment was received, Plaintiff sent another correspondence on August 20, 2019, seeking the remaining balance of $2,550. Defendant made a $300.00 payment on August 20, 2019, instead of the remaining balance owed.

32. On October 29, 2019, after another correspondence from Plaintiff requesting payment, Defendant responded stating that he would make a payment. Ultimately, after the August 20, 2019 payment was made, no other payment has been received. Plaintiff sent a final written correspondence on November 13, 2019, demanding the remaining balance of $2,250 from Defendant, which Defendant never answered.

33. To date, the Payment has not been made to Plaintiff by Miami Subs as required under the Agreement.

34. Plaintiff has retained undersigned counsel and is responsible for payment of attorneys' fees and costs.

35. Pursuant to the Agreement, Plaintiff is entitled to recover attorneys' fees and costs expended in enforcing the Agreement.

## COUNT I
## BREACH OF CONTRACT - PAYMENT

36. Plaintiff realleges and reincorporates paragraphs 1 through 35 above as if fully set forth herein.

37. Plaintiff and Miami Subs entered into the Agreement attached hereto as Exhibit "A".

38. Plaintiff performed its obligations under the Agreement and was entitled to Payment pursuant to same.

7

39. Miami Subs materially breached the Agreement by failing to make the agreed upon Payment to Plaintiff as required in the Agreement in the amount of Three Thousand Two Hundred Fifty Dollars ($3,250.00).

40. Defendant has only paid one thousand dollars ($1,000.00) of the amount due.

41. Plaintiff was damaged by Miami Subs' breach of the Agreement.

42. Despite numerous courtesies and demands, Defendant has failed to make the agreed upon payments to Plaintiff's counsel.

43. Pursuant to the Agreement, Plaintiff is entitled to recover attorneys' fees and costs from Defendant for having to bring this lawsuit.

**WHEREFORE**, Plaintiff, HOWARD COHAN, respectfully requests that judgment be entered against Defendant, SAHA INTERNATIONAL, INC., in the amount of Two Thousand Two Hundred Fifty Dollars ($2,250.00), awarding Plaintiff his attorneys' fees and costs incurred in the prosecution of this matter, and granting any other relief the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT – MODIFICATIONS

44. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 24 above as if fully stated herein.

45. On or about December 14, 2018, the Parties entered into the Agreement. *See* Agreement attached hereto as Exhibit "A".

46. As a result of the Agreement, Defendant agreed to make modifications to Defendant's Premises as outlined in the Agreement.

47. The Agreement required Defendant to complete all modifications to the Premises within one (1) year of the Agreement, to wit: on or before December 14, 2019.

48. Plaintiff has performed all conditions precedent prior to filing the instant lawsuit.

8

49. Pursuant to the **Right to Bring Suit to Enforce** provision of the Agreement:

> **Plaintiff reserves the right to bring suit against Defendant for failure to make the referenced modification(s) listed in paragraph 1 and Exhibit "A" any time after the expiration of the one (1) year from the date of the signing of this Agreement.**

50. On August 11, 2020, Plaintiff once again returned to the Premises and confirmed that Defendant still failed to complete the modifications required by the Agreement. Specifically, Defendant failed to address the following violations at the Premises:

**Men's Restroom**

   a. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4 and/or §4.16.6 of the 1991 ADA Standards.

   b. Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§603, 603.2, 603.2.3, 604, 604.3 and 604.3.1 and/or §§4.16, 4.16.2, 4.22 and 4.22.3 of the 1991 ADA Standards.

   c. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609, 609.3 and 609.4 and/or §§4.16.4, 4.26 and 4.26.2 of the 1991 ADA Standards.

   d. Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5 and/or §4.24.6 of the 1991 ADA Standards.

   e. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2 and/or §§4.16, 4.17.2 and 4.17.3 of the 1991 ADA Standards.

51. Plaintiff has been damaged by Defendant's breach of the Agreement by being denied full and equal access to the use of the Premises and once again being subjected to discrimination.

52. Plaintiff has had to retain the services of the undersigned counsel to pursue this action for breach of contract.

53. Pursuant to the Agreement, should either party (Plaintiff or Defendant) institute litigation related to the Agreement, the prevailing party in such litigation shall be entitled to recover its reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declare that Defendant has failed to comply with the Agreement;

2. That this Court enter an Order requiring Defendant to alter the Premises to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court award reasonable attorneys' fees, all costs (including, but not limited to court costs and expert fees) and other expenses of this lawsuit to Plaintiff as provided in the Agreement; and

4. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT III
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

54. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 24 above as if fully stated herein.

55. On July 26, 1990, Congress enacted the ADA, 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).

56. Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, benefits, or other opportunities; and

   e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to

pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 .S.C. §12101(a)(1)-(3),(5) and (9).

57. Congress explicitly stated that the purpose of the ADA was to:

    f. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

    g. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    h. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

58. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

59. Defendant has discriminated, and continues to discriminate against Plaintiff and others who are similarly situated by denying access to and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

60. Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

61. Defendant's policies, practices, procedures and/or lack of training its staff to efficiently and effectively identify and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated way possible.

62. Plaintiff will return to the Premises in the near future and enjoy the goods, services, facilities, privileges, advantages and/or accommodations at the Premises on a planned, or a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

63. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 CFR §36 and its successor the 2010 ADA Accessibility Guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.[1]

64. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 ADA Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia*, the following specific violations found:

---

[1] Effective April 1, 2014 the civil penalties were increased, based on inflation, from $55,000.00 to $75,000.00 for the first violation and from $110,000.00 to $150,000.00 for subsequent violations. *See* 28 C.F.R. §§36 and 85.

**Men's Restroom**

    a. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 703, 703.1, 703.2, 703.5 and 703.7.2.1 and/or §§4.30 and 4.30.1 of the 1991 ADA Standards.

    b. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability (missing handle) in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4 and/or §§4.27, 4.27.3 and 4.27.4 of the 1991 ADA Standards.

    c. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308 and/or §§4.16.6, 4.27, 4.27.3, 4.22.7 and 4.23.7 of the 1991 ADA Standards.

**Restaurant Seating**

    d. Failing to provide seating for a person with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306 and/or §§4.2.4, 4.2.5, 4.32.2 and 4.5 of the 1991 ADA Standards.

    e. Failing to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§226, 226.1, 902, 305 and 306 and/or §5.1 of the 1991 ADA Standards.

65. To the best of Plaintiff's belief and knowledge, at the time of filing this lawsuit Defendant has failed to eliminate the specific violations set forth in paragraph 64 above.

66. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

67. To date, the readily achievable barrier and violation of the ADA still exists and has not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

68. As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

69. To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

70. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Premises, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

71. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

72. The violations alleged in paragraph 64 above is readily achievable to modify in order to bring the Premises or the Facility/Property into compliance with the ADA.

73. In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 64 above, the 1991 ADA Standards apply.

74. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter the Premises and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

4. This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

5. This Court award such other and further relief as it may deem necessary, just and proper.

Dated: _____8/18/2020_____

                                       BY:___/s/ Jason S. Weiss_____
                                                Jason S. Weiss
                                                Jason@jswlawyer.com
                                                Florida Bar No. 356890
                                                **WEISS LAW GROUP, P.A.**
                                                5531 N. University Drive, Suite 103
                                                Coral Springs, FL 33067
                                                Tel: (954) 573-2800
                                                Fax: (954) 573-2798
                                                *Attorneys for Plaintiff*